IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CHRISTOPHER M. WOLFEN,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) ) ) ) ) ) ) ) ) | No. 03-2665C<br>(Judge Bush) |

DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS, DISMISSING THE CLAIMS REMAINING TO BE ADJUDICATED

Defendant, the United States, respectfully submits this reply in support of our motion for judgment on the pleadings, dismissing the claims remaining claims to be adjudicated, i.e., plaintiff's claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., for the time solely spent driving a Government vehicle between home and work.

INTRODUCTION

In our moving brief, we established that, under controlling precedent of established by the United States Court of Appeals for the Federal Circuit, plaintiff was not entitled to FLSA compensation for time solely spent driving a Government vehicle between home and work. Adams v. United States, 471 F.3d 1321 (2006) , reh'g and reh'g en banc denied, 219 Fed. Appx. 993 (Fed. Cir. 2007), cert. denied, 128 S.Ct. 866 (2008); Bobo v. United States, 136 F.3d 1465 (Fed. Cir. 1998). We further established that plaintiff's home-to work driving claim was not distinguishable from home-to-work driving claims rejected in Adams and Bobo.

In their response, plaintiff argues that the validity of Adams and Bobo has been undermined by two Supreme Court decisions, Long Island Care At Home, Ltd. v. Coke, 127 S. Ct. 2339 (2007), and National Cable & Telecommunications Association v. Brand X Internet

Services, 545 U.S. 967 (2005). Neither of these Supreme Court decisions, however, involved a question as to whether home-to-work driving – or, indeed, any other activity – constituted compensable work under the FLSA. Nor does plaintiff go so far as to contend that the holding in either Adams or Bobo is actually in conflict with the holdings in the referenced Supreme Court cases. Plaintiff relies upon these cases, rather, to argue that there were flaws in the Federal Circuit's reasoning in Bobo and Adams. Plaintiff's attack upon Bobo and Adams is unfounded. Even if there were merit to this attack, however, it would be out of place. Plaintiff is free to seek to persuade the Federal Circuit to overrule its decisions in these cases, but, unless and until this occurs, these cases remain binding upon this Court.

Plaintiff also suggests – without actually arguing – that his claim is factually distinguishable from those in Bobo and Adams. The facts that plaintiff offers, however, merely confirm that there is no material difference between the home-to-work driving involved in this case and in Bobo and Adams. The reasoning in Bobo and Adams is as applicable in this case as in those cases, and requires the same result here as in those cases.

Finally, plaintiff argues that the doctrine of stare decisis is not applicable here, and that, therefore, Bobo and Adams need not be followed. This argument is a repackaging of plaintiff's preceding arguments, and, like those arguments, it is devoid of merit.[1]

---

[1] On August 1, 2008, this Court issued a decision dismissing home-to-work driving claims virtually identical to the claims involved here. See Easter v. United States, No. 04-1435C (Fed. Cl., August 1, 2008). The Court in Easter issued an opinion discussing in detail, and rejecting, the same arguments that plaintiff offers here. A copy of the slip opinion in Easter is attached as an addendum to this reply.

## ARGUMENT

I. The Federal Circuit's Decisions In Bobo and Adams Continue To Be Binding Precedent In This Case

Plaintiff asserts that, "whatever else may be said regarding the panel's conclusion in Adams that the driving involved there was not FLSA compensable, the reasoning in Adams has been nullified under the Supreme Court's decisions in Coke and Brand X." Plaintiff's Response 4. In the heading of the argument that plaintiff offers in reliance upon these cases, he asserts that "determinations of the law applicable to 'time worked' under FLSA has changed significantly since Adams." Id. at 3. The cited cases, however, effected no change in the law involved here. Brand X was actually decided prior to Adams. More important, far from "nullifying" Adams, the holdings in these cases have nothing to do with the holding in Adams or with "determinations of the law applicable to 'time worked' under FLSA." As plaintiff acknowledges, the Supreme Court in Coke ruled against the plaintiff employees, holding that they were exempt from the FLSA under the regulations of the Department of Labor ("DOL"). The question whether home-to-work driving – or, indeed, any other activity – constitutes compensable work under the FLSA was neither involved nor addressed in Coke. And, Brand X had nothing whatsoever to do with the FLSA or with any other substantive issue in this case.[2]

[2] Oddly, plaintiff attempts to buttress his reliance upon Supreme Court cases having nothing to do with home-to-work driving with several pages of argument based upon a Federal Circuit case also having nothing to do with home-to-work driving: Billings v. United States, 322 F.3d 1328 (Fed. Cir. 2003), cert. denied, 540 U.S. 982 (2003). Plaintiff suggests that the reasoning in Adams is at odds with the reasoning in Billings, which concerned the interpretation of the FLSA's executive exemption. Plaintiff fails to explain why this Court should refuse to follow a Federal Circuit case directly in point based upon a claimed inconsistency with the reasoning contained in another Federal Circuit decision that is tangentially relevant at best.

Plaintiff cites these cases not for any substantive principle, but, rather, for certain general principles of statutory construction that he contends were not properly followed by the Federal Circuit in Adams. Specifically, plaintiff cites these cases for the manner in which they applied the principles set forth in Chevron, U.S.A., Inc. v. Natural Resources Defense Council, 467 U.S. 837, 843 (1984), concerning deference to agency regulations and interpretations. Plaintiff argues that the Federal Circuit in Adams did not show the requisite deference to certain Office of Personnel Management ("OPM") regulations, and placed greater reliance, instead, upon its own precedent in Bobo. Thus, the gist of plaintiff's argument against the binding effect of the Federal Circuit's holdings in Bobo and Adams is not that the latter cases have been overruled or otherwise nullified, but that, under applicable principles of statutory construction, they were wrongly decided. (Plaintiff directs his argument at Adams, and says little about Bobo, but he impliedly faults Bobo for much the same reasons as Adams.) This argument lacks merit, and, in any event, does not detract from the binding effect of Bobo and Adams in this Court.

Plaintiff's argument lacks merit because it erroneously assumes that deference to the OPM regulations upon which he relies – 5 C.F.R. §§ 551.401 and 551.422 – would have produced a different result. Adams did not involve a failure to defer to these regulations; rather, it involved a refusal to read into the regulations the meaning that the Adams plaintiffs urged. Plaintiff's interpretation of these regulations was specifically discussed and rejected by this Court in Adams. See Adams v. United States, 65 Fed. Cl. 217, 239-40 (2005). The fact that the Federal Circuit did not also expressly discuss these regulations does not signify anything more than that the panel simply did not view this interpretation as warranting discussion. Further, the Federal Circuit did expressly address section 551.401 in Bobo, 136 F.3d at 1467, and held that

the regulation did not require FLSA compensation for home-to-work driving time in the absence of more than de minimis work performed during that time. Neither this holding, nor the Federal Circuit's reliance upon it in Adams, reflected any failure to give Chevron deference to applicable agency regulations.

Moreover, in Brand X, and in the district court cases cited by plaintiff as examples of the application of Brand X,[3] the courts were presented with agency action occurring after the judicial precedent in question. This gave rise to the question whether a permissible agency interpretation of a statute trumps a prior judicial interpretation or vice versa. These cases do not concern the binding effect of decisions involving statutory interpretation that an appellate court issues when it has before it the agency regulation in question – as was the case in Bobo and Adams. To cite the same regulation to a trial court in a later case in support of a statutory interpretation contrary to that of the appellate court is not to seek deference to a permissible agency interpretation; it is to seek outright rejection of the appellate decision by the trial court.

[3] Plaintiff cites AARP v. EEOC, 390 Fed. Supp. 2d 437 (E.D. Pa. 2005), aff'd on other grounds, 489 F.3d 558 (3d Cir. 2007), cert. denied, 128 S. Ct. 1733 (2008), and Fuller v. Teachers Insurance Company, 2007 U.S. Dist. LEXIS 69845 (E.D.N.C. Sept. 19, 2007), as "[t]wo recent district court decisions demonstrate how Brand X has changed the relationship between a trial court and its reviewing court when examining agency regulations under silent or ambiguous statutes." Plaintiff's Response 7. Plaintiff's argument based upon AARP and Fuller was addressed by this Court, and was rejected, in Easter, slip op. 20-21. Even if these cases could be construed to imply that a trial court may reject its reviewing court's precedent, it is quite circular for plaintiff to rely upon a case from another circuit – especially district court cases – to argue against Federal Circuit authority. (Although the district court's decision in AARP was affirmed, its reasoning was not adopted by the court of appeals.) Further, the purported relevance of these cases is entirely dependent upon plaintiff's erroneous premise that this case involves a question of deference under Chevron and Brand X.

Thus, as this Court recently observed in Easter,

> This is not a case in which OPM enacted new regulations interpreting the FLSA after the Federal Circuit had decided Bobo and Adams II. The OPM regulations referred to by plaintiffs were enacted in 1980. . . . The court in Bobo took note of them and chose not to follow them because of the Portal-to-Portal Act exception to the FLSA. See Bobo, 136 F.3d at 1467. Therefore, the Federal Circuit's adherence to the rule of stare decisis in Adams II was not contrary to the Court's holding in [Brand X] because it did not ignore OPM interpretations of a government regulation made after the Federal Circuit had decided Bobo. Likewise, this court would not be violating the rule of [Brand X] by following Adams II because plaintiffs do not rely on a new OPM regulation interpreting home-to-work driving under the FLSA issued subsequent to that decision. Because the issues in [Brand X] are readily distinguishable from the issues in this case, the court fails to see how the Supreme Court's decision in [Brand X] could vitiate the binding precedent of Adams II.

Easter, slip op. 19-20.

Finally, even if there were merit to plaintiff's critique of Bobo and Adams, the critique would provide, at most, a reason for another court, not bound by Federal Circuit precedent, to decline to follow these cases as persuasive authority, or for the Federal Circuit to overrule its decisions in these cases. Unless and until these cases are overruled, however, they remain binding upon this Court. See Coltec Indus., Inc. v. United States, 454 F.3d 1340, 1353 (Fed. Cir. 2006); Crowley v. United States, 398 F.3d 1329, 1335 (Fed. Cir. 2005).

## II. Plaintiff Has Not Distinguished This Case From Bobo And Adams

Plaintiff does not expressly argue that this case is distinguishable from Bobo and Adams. Rather, he argues that this case is distinguishable from other cases from another circuit, which we did not rely upon or even mention in our moving brief, and which plaintiff appears to cite and distinguish only because he cannot distinguish Bobo and Adams. Thus, plaintiff discusses Singh

v. City of New York, 524 F.3d 361 (2nd Cir. 2008) – a case in which the driving in question was also held not compensable under the FLSA – and then states that "the foregoing analysis distinguishes the instant case from Singh . . . ." Plaintiff's Response 17. In a footnote, plaintiff discusses Reich v. New York City Transit Authority, 45 F.3d 646 (2nd Cir. 1995) – yet another case in which the driving in question was held not compensable – and then states: "Thus the Reich case is clearly consistent with Singh and contrary to Adams in which the driving was for defendant's benefit." Plaintiff's Response 17, n.7.

We need not address the merits of the claimed distinctions, or plaintiff's strained conclusion that Singh and Reich are contrary to Adams. The distinguishability of decisions from another circuit holding home-to-work driving non-compensable is hardly a reason for this Court not to follow Federal Circuit decisions holding such driving non-compensable. Plaintiff's effort to distinguish Singh and Reich merely highlight the fact that he is unable to distinguish Bobo and Adams.

The lack of any material distinction between this case and Adams is further highlighted by the nature of the purportedly distinguishing facts plaintiff proposes to prove: "Here plaintiff can and will prove that his driving has been controlled and directed by defendant and has been engaged in for its benefit. Hence, engaging in personal activities that might benefit the plaintiff are prohibited." Plaintiff's Response 17. There is nothing distinguishing about these facts. The driving involved in Bobo and Adams was also found to be controlled and directed by the Government for the Government's benefit. Thus, the Federal Circuit observed in Adams:

> The basic facts are undisputed. The plaintiffs are issued government-owned police vehicles and required as a condition of their employment to commute from home to work in those vehicles. This requirement facilitates their employer' law enforcement

> missions, since the cars will be available to the officers for rapid response to emergency calls at any time, whether the officers are at home or proceeding on their commutes. The officers' time is not entirely their own during their commutes: they are required to have their weapons and other law enforcement-related equipment and to have on and monitor their vehicles' communication equipment. They are not allowed to run any personal errands in their government vehicles, so their commute must proceed directly from home to work and back again without unauthorized detours or stops.

471 F.3d at 1323 (emphasis added; footnote omitted). The Federal Circuit held that such facts did not render the driving in question compensable: "Bobo still teaches that commuting done for the employer's benefit, under the employer's rules, is noncompensable if the labor beyond the mere act of driving the vehicle is de minimis." Id. at 1328.[4] See also Bobo, 136 F.3d at 1467 ("we accept as true that the restrictions placed upon the INS Agents' commutes are compulsory, for the benefit of the INS, and closely related to the INS Agents' principal work activities").

In sum, whether or not this case is distinguishable from the Second Circuit cases plaintiff cites, plaintiff has confirmed that this case is not factually distinguishable from the binding Federal Circuit precedent contained in Bobo and Adams.

## III. Plaintiff's Argument Concerning Stare Decisis Does Not Detract From The Binding Effect Of Bobo And Adams Here

In our moving brief, we did not raise the doctrine of stare decisis, other than to point out that this Court is bound by the legal precedent established by the decisions of the Federal Circuit, including, for purposes of this case, Adams and Bobo. Nevertheless, plaintiff argues at length that the doctrine of stare decisis does not apply. The gist of his argument appears to be that

[4] This case does not present the question whether plaintiff performed work during his commutes beyond the mere act of driving, because plaintiff's claims under the FLSA have been settled except with respect to time solely spent driving a Government vehicle between home and work. See Docket Entry No. 12 (Stipulation of Partial Dismissal, filed August 9, 2005).

(1) Federal Circuit precedent is binding as to the law, not the facts; (2) stare decisis does not require a court to follow its prior decisions when those decisions can be distinguished or shown to be clearly wrong; and (3) the Federal Circuit's holding in Adams is distinguishable and/or wrong.

As we have demonstrated, however, Bobo and Adams are neither distinguishable nor wrong. And, in the absence of any material factual distinctions, the result here must be the same as in Bobo and Adams; logically, application of the same law to indistinguishable facts must produce the same result. Further, as we have also demonstrated, even if this Court believed that Bobo and Adams were wrong, it would still be bound by those decisions. See Crowley, 398 F.3d at 1335. The authorities that plaintiff cites concerning stare decisis do not suggest otherwise. Plaintiff quotes at length certain comments by Federal Circuit Chief Judge Michel in a panel discussion at the Third Bench and Bar Conference of the Federal Circuit Bar Association, Plaintiff's Response 22, but these comments have nothing to do with the obligation of the Court of Federal Claims to follow Federal Circuit precedent. The comments concern, rather, the extent to which an appellate court panel is bound by earlier panel decisions of the same appellate court. At issue here is not the stare decisis effect of a court's own precedents, but the binding effect of an appellate court decision upon a trial court within the jurisdiction of that appellate court. Plaintiff's argument concerning stare decisis is thus irrelevant.[5]

[5] Similarly beside the point is plaintiff's final argument, that the denial of the Adams plaintiffs' petition for rehearing en banc in the Federal Circuit and the denial of their petition for a writ of certiorari in the Supreme Court did not constitute affirmances of the Federal Circuit panel decision. Plaintiff's Response 23. We have never contended that they did. What we contend, and what plaintiff has not refuted, is that the Federal Circuit's decision in Adams is binding precedent in this case.

CONCLUSION

For the foregoing reasons, and for the reasons stated in our moving brief, the claims remaining to be adjudicated in this case should be dismissed.

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

**s/Todd M. Hughes**
TODD M. HUGHES
Deputy Director

**s/Shalom Brilliant**
SHALOM BRILLIANT
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Telephone: (202) 616-8275
Facsimile: (202) 305-7643

Attorneys for Defendant

**Filed electronically**

OF COUNSEL:
Michael J. Dierberg
William P. Rayel
Trial Attorneys
Commercial Litigation Branch
Civil Division
Department of Justice

August 7, 2008

CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of August 2008, a copy of the foregoing "DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS, DISMISSING THE CLAIMS REMAINING TO BE ADJUDICATED," was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

**s/Shalom Brilliant**